**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| HARVEST SHERWOOD FOOD | § | Case No. 25-80109 (SGJ) |
| DISTRIBUTORS, INC., *et al.*,[1] | § | |
| | § | (Jointly Administered) |
| Debtors. | § | |

**STIPULATION AND AGREED ORDER MODIFYING THE AUTOMATIC STAY
TO PERMIT NAVISTAR FINANCIAL CORPORATION TO SELL VEHICLES
VOLUNTARILY SURRENDERED BY THE DEBTORS PREPETITION**

This stipulation and agreed order (the "Stipulation") is made and entered into by and

between Navistar Financial Corporation ("Navistar Financial") and Harvest Sherwood Food

Distributors, Inc., *et al.*, the debtors in the above-referenced jointly administered chapter 11 cases

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are Del Mar Holding LLC (9207), Del Mar Acquisition Inc. (8866), Surfliner Holdings, Inc. (9456), Harvest Sherwood Food Distributors, Inc. (8995), Harvest Meat Company, Inc. (9136), LAMCP Capital, LLC (N/A), Western Boxed Meats Distributors, Inc. (8735), Cascade Food Brokers, Inc. (1389), Hamilton Meat, LLC (6917), SFD Acquisition LLC (8995), SFD Transportation Corp. (1551), Sherwood Food Distributors, L.L.C. (4375), and SFD Company LLC (1175).  The Debtors' service address is c/o Epiq Corporate Restructuring, LLC 10300 SW Allen Blvd., Beaverton, OR 97005.

1

ClarkHill\31009\1001942\282425664.v5-7/10/25

(the "Debtors" and together with Navistar Financial, the "Parties"), by and through their respective undersigned counsel. The Parties hereby stipulate and agree as follows:

## RECITALS

**WHEREAS**, on May 5, 2025, (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court"), which are being jointly administered under Case No. 25-80109 (the "Bankruptcy Cases").

**WHEREAS**, on or about April 9, 2024, Debtor SFD Transportation Corp. ("SFD Transportation") purchased eleven (11) tractor-trucks described as:

a. 2025 INT LT625 6x4 Day Cab (VIN # 3HSDZAPR2SN687209)
b. 2025 INT LT625 6x4 Day Cab (VIN # 3HSDZAPR2SN687212)
c. 2025 INT LT625 6x4 Day Cab (VIN # 3HSDZAPR6SN687214)
d. 2025 INT LT625 6x4 Day Cab (VIN # 3HSDZAPR1SN687217)
e. 2025 INT LT625 6x4 Day Cab (VIN # 3HSDZAPR9SN687210)
f. 2025 INT LT625 6x4 Day Cab (VIN # 3HSDZAPR0SN687211)
g. 2025 INT LT625 6x4 Day Cab (VIN # 3HSDZAPR0SN687208)
h. 2025 INT LT625 6x4 Day Cab (VIN # 3HSDZAPR4SN687213)
i. 2025 INT LT625 6x4 Day Cab (VIN # 3HSDZAPR8SN687215)
j. 2025 INT LT625 6x4 Day Cab (VIN # 3HSDZAPRXSN687216)
k. 2025 INT LT625 Day Cab (VIN # 3HSDZAPR3SN687218)

(the "Vehicles" or the "Collateral"), which were financed through a Secured Promissory Note at the interest rate of 9.72% with Navistar Financial for a total financed price of $2,607,746.40, (the "Note").

**WHEREAS**, the Note required seventy-two (72) monthly payments of $36,218.70 (the "Monthly Payments") to be paid to Navistar Financial until the balance was paid in full.

**WHEREAS**, in order to secure the Vehicles, SFD Transportation granted to and Navistar Financial properly perfected its first priority security interest in the Vehicles by placing its lien on

2

each certificate of title for the State of Michigan and by filing a UCC Financing Statement with the Delaware Department of State.

**WHEREAS**, on or about April 9, 2024, Debtors Harvest Meat Company, Inc. ("Harvest Meat") and Western Boxed Meats Distributors, Inc. ("Western Boxed Meats"), executed a Guaranty (for Loan and Lease) FH-215 (the "Guaranty") in favor of Navistar Financial for all loan obligations owed by SFD Transportation to Navistar Financial, as set forth therein.

**WHEREAS**, prior to the Petition Date, SFD Transportation was in default for failure to make the Monthly Payments due under the Note and voluntarily surrendered the Vehicles to Navistar Financial.

**WHEREAS**, as of April 28, 2025, Navistar Financial was owed the amount of $1,870,891.47, plus additional accruing interest at the rate of 9.72% per annum, late charges, attorneys' fees and costs, as allowed under the Note (the "Default Amount").

**WHEREAS**, Navistar estimates the wholesale value of the Vehicles is $85,000.00 per vehicle or an estimated total value of the eleven Vehicles of $935,000.00.

**WHEREAS**, upon information and belief, the Debtors have no equity in the Vehicles.

**WHEREAS**, on May 6, 2025, prior to learning of the Debtors' Bankruptcy Cases, Navistar Financial filed a Verified Complaint against SFD Transportation, Harvest Meat, and Western Boxed Meats in the Third Judicial Circuit Court for Wayne County in the State of Michigan (the "State Court Action") seeking entry of a judgment in favor of Navistar Financial for the Default Amount.

**WHEREAS**, immediately upon learning of the Debtors' Bankruptcy Cases, Navistar Financial ceased all of its activities with respect to the State Court Action and the marketing and sale of the Vehicles to comply with the automatic stay pursuant to § 362 of the Bankruptcy Code.

ClarkHill\31009\1001942\282425664.v5-7/10/25

**WHEREAS**, as of the date of filing this Stipulation, Navistar Financial has not yet sold any of the Vehicles.

**WHEREAS**, Navistar Financial seeks modification of the automatic stay to the extent required to proceed with its prepetition efforts to market and sell its Collateral to recover the Default Amount.

**WHEREAS**, the Parties have agreed, through their respective counsel and after consultation and review by the DIP Secured Parties,[2] the Prepetition Secured Parties, the Unsecured Creditors' Committee, and the United States Trustee, to modify the automatic stay under Section 362 to allow Navistar Financial to continue its prepetition efforts to sell the Collateral in accordance with the terms and conditions set forth in this Stipulation.

**WHEREAS**, the undersigned hereby represent and warrant that they have full authority to execute this Stipulation on behalf of the respective Parties and that the respective Parties have full knowledge of, and have consented to, this Stipulation.

## STIPULATION

**NOW, THEREFORE, IT IS STIPULATED AND AGREED TO BY THE PARTIES, AND UPON APPROVAL BY THE BANKRUPTCY COURT OF THIS STIPULATION, IT IS SO ORDERED AS FOLLOWS:**

1. The above Recitals are incorporated by reference herein with the same force and effect as though set forth fully below.

2. The Parties agree that the automatic stay pursuant to Section 362 of the Bankruptcy Code is modified to the extent necessary to allow Navistar Financial to liquidate the Collateral

---

[2] The terms "DIP Secured Parties" and "Prepetition Secured Parties" have the meanings ascribed to them in the *Interim Order (I) Authorizing the Debtors to (A) Obtain Postpetition Financing and (B) Use Cash Collateral; (II) Granting Liens and Superpriority Claims; and (III) Granting Related Relief* [Dkt. No. 108] (the "Interim DIP Order").

4

voluntarily surrendered to Navistar by the Debtors prepetition. Navistar Financial may proceed with its rights and remedies under the loan documents to sell the Collateral and apply the net proceeds to the Default Amount.

3. Navistar Financial reserves all rights to file a Proof of Claim in the Bankruptcy Cases for the allowance of any portion of the Default Amount that remains outstanding after the sale of the Collateral, including charges for accrued interest, late charges, attorneys' fees and costs, as allowed under the Note.

4. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and shall not be modified, altered, amended, or vacated other than by a writing executed by the Parties or by order of the Court.

5. Each Party represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

6. This Stipulation may be executed in counterparts and signatures may be delivered by electronic means, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Each of the undersigned counsel that executes this Stipulation by or on behalf of each respective Party represents and warrants that such undersigned counsel has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

7. This Stipulation is subject to the approval of the Court and shall be of no force and effect unless it is approved by the Court.

8. Notwithstanding Rule 4001(a)(4) of the Federal Rules of Bankruptcy Procedure, the terms and conditions of this Stipulation shall be immediately effective and enforceable upon entry by the Court.

9.      The Bankruptcy Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Stipulation.

# # # **END OF ORDER** # # #

ClarkHill\31009\1001942\282425664.v5-7/10/25

**AGREED AND APPROVED FOR ENTRY:**

Dated: July 10, 2025

**SIDLEY AUSTIN LLP**

/s/ *Ryan Fink w/ permission*
Rakhee V. Patel (00797213)
Chelsea McManus (24131499)
2021 McKinney Avenue, Suite 2000
Dallas, Texas 75201
Telephone: (214) 981-3300
Facsimile: (214) 981-3400
rpatel@sidley.com
cmcmanus@sidley.com

–and–

Stephen Hessler (admitted *pro hac vice*)
Anthony R. Grossi (admitted *pro hac vice*)
787 Seventh Avenue
New York, New York 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
shessler@sidley.com
agrossi@sidley.com

–and–

Jason L. Hufendick (admitted *pro hac vice*)
Ryan Fink (admitted *pro hac vice*)
Daniela Rakowski (admitted *pro hac vice*)
One South Dearborn
Chicago, Illinois 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
jhufendick@sidley.com
ryan.fink@sidley.com
drakowski@sidley.com

*Counsel for the Debtors and Debtors in Possession*

**CLARK HILL PLC**

/s/ *Andrew G. Edson*
Andrew G. Edson (TX Bar No. 24076364)
Tara L. Bush (TX Bar No. 24122050)
901 Main Street, Suite 6000
Dallas, Texas 75202
Telephone: (214) 651-4300
Facsimile: (214) 651-4330
aedson@clarkhill.com
tbush@clarkhill.com

–and–

Sandra S. Hamilton
200 Ottawa Avenue NW, Suite 500
Grand Rapids, Michigan 49503
Telephone: (616) 608-1100
Facsimile: (616) 608-1199
shamilton@clarkhill.com

*Counsel for Navistar Financial Corporation*

7